UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DRIRITE USA, INC.
a/a/o Prosperitas Leadership
Academy, Inc.,

      Plaintiff,                                CASE NO:

vs.

LIBERTY MUTUAL
INSURANCE COMPANY,

      Defendant.

_____/

**NOTICE OF REMOVAL**

      Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), pursuant to 28 U.S.C. § 1441 *et seq*., removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Orange County.

**I.**      **The State Court Case**

      1.      On May 6, 2019, Plaintiff filed this lawsuit.

      2.      On May 23, 2019, Plaintiff served the complaint.

      3.      The complaint contains a single count for breach of contract related to an insurance claim for property damage.  (Exhibit **"A"**)

      4.      The case stated by the initial pleading was not removable because it stated only that it was "an action for breach of an insurance contract with damages of greater than $15,000 (Fifteen Thousand Dollars) exclusive of interest, costs, and attorney's fees."  *See Benstock v. Arrowood Indem. Co.*, 8:11-CV-2493-T-23TGW, 2011

WL 6314236, at *2 (M.D. Fla. Dec. 16, 2011) ("Only generally alleging damages exceeding $15,000, the complaint is not removable on its face.").

5.      On July 1, 2019, Liberty Mutual obtained through a search of the Orange County Clerk's website a copy of a complaint and motion in a case styled *DriRite USA, Inc. v. Prosperitas Leadership Academy, Inc.* (Exhibit **"B"**)  Attached to the complaint in that case was an estimate in the amount of $241,507.15.  This represents the damages sought against Liberty Mutual in this case.

6.      This Notice of Removal is filed within 30 days of receipt of the estimate attached to the complaint in *DriRite USA, Inc. v. Prosperitas Leadership Academy, Inc.*  Thus, removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

7.      28 U.S.C. § 1446(a) requires Liberty Mutual to file copies of all process, pleadings, and orders served upon it.  Local Rule 4.02 requires Liberty Mutual to file all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, on file in the state court.  These documents are attached hereto as Exhibit **"C."**

8.      This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court action was brought in Orange County, Florida.  28 U.S.C. §§ 1441(a); 1446(a).

## II.    Jurisdiction

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10.     There is complete diversity of citizenship.

11.    Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of Florida by virtue of being a corporation organized under the laws of Florida with its principal place of business in Florida.

12.    Pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual Insurance Company is a company organized under the laws of the State of Massachusetts and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts.   Thus, Liberty Mutual Insurance Company is a citizen of Massachusetts.

13.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

14.    Plaintiff has created a repair estimate that totals $241,507.15.

15.    Additionally, the complaint demands attorney's fees. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

16.    Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    Conclusion

17.    Liberty Mutual removes this case to the United States District Court for the Middle District of Florida.

18.    Liberty Mutual demands trial by jury on all issues so triable.

19.     Promptly after filing this notice of removal, Liberty Mutual will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

BUTLER WEIHMULLER KATZ CRAIG LLP


/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
STARR L. BROOKINS, ESQ.
Florida Bar No.:  92284
sbrookins@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Guy H. Gilbert, Esq.
Law Office of Guy H. Gilbert, Esq.
4700 Millenia Boulevard, Suite 175
Orlando, FL  32839
Attorneys For:  Plaintiff, DriRite USA, Inc.

by U.S. Mail on July 26, 2019.


/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.