IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2019-CA-5685-O

DRIRITE USA, INC.,
a/a/o Prosperitas Leadership Academy, Inc.,

    Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, individually, by and through the undersigned attorney and sues the Defendant, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter sometimes referred to as Liberty Mutual) and alleges as follows:

1. This is an action for breach of an insurance contract with damages of greater than $15,000 (Fifteen Thousand Dollars) exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff corporation was and is a Florida corporation with principal place of business in Florida, and the policy of insurance written by Liberty Mutual was issued by Defendant Liberty Mutual in the State of Florida.

3. At all material times hereto, Defendant Liberty Mutual was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in ORANGE County, Florida.

4. Plaintiff brings this action as a post-loss assignee of Prosperitas Leadership Academy,

with the consent of all insureds under the insurance policy. Any and all rights related to the services provided or to be provided have been imputed to the Plaintiff by virtue of this assignment. Attached hereto as "Exhibit A," is a document evidencing the assignment. In addition, at a minimum, given the facts and circumstances of the case, there has been an equitable assignment of insurance rights to Plaintiff.

5. Prior to the assignment, Prosperitas Leadership Academy sought property insurance from Defendant Liberty Mutual to cover a structure and renovations thereto, and a policy of insurance, including but not limited to coverages to protect against various perils, including those resulting in water damage, was issued by the Defendant.

6. On or about 8/25/2018, Prosperitas Leadership Academy's property at 2140 W. Washington St. Orlando, FL 32805 sustained direct and physical loss to the property by a covered peril, including but not limited to, water damage.

7. Prosperitas Leadership Academy's property insurance with Defendant Liberty Mutual was in full force and effect as to Prosperitas Leadership Academy when the property was damaged, and Prosperitas Leadership Academy is the named insured under policy #BMO 58656351 for claim #23456010. A true and correct copy of the policy is within the possession and control of Defendant Liberty Mutual, and will be provided through discovery.

8. Plaintiff provided necessary water removal and remediation services for Prosperitas Leadership Academy and in exchange, Prosperitas Leadership Academy agreed to pay the bill for services rendered and to submit the bill to the Defendant.

9. Plaintiff has submitted a reasonably priced bill for the services to the Defendant. Plaintiff has been underpaid by Defendant. This is an action related to Defendant's failure to pay full value for all services related to the loss set forth above.

10. All conditions precedent to recover under the policy for the subject loss and for this action were complied with by the insureds and assignee, or the conditions have been waived.

11. Jurisdiction and venue are proper in ORANGE County, Florida.

12. Despite demand for payment, Defendant Liberty Mutual has failed or refused to pay all of Plaintiff's bill.

13. Defendant's refusal to reimburse Plaintiff adequately for the services provided, and otherwise make Plaintiff whole, is a breach of contract.

14. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney's fees.

15. Furthermore, as a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

16. Plaintiff is entitled to recover attorney's fees and costs under F.S. § 627.428.



WHEREFORE, Plaintiff demands judgment against Defendant LIBERTY MUTUAL INSURANCE COMPANY for all unpaid bills with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. § 627.428, and Plaintiff demands trial by jury.

Dated this 6th day of May, 2019.

/s/ Guy H. Gilbert
Guy H. Gilbert, Esquire
Florida Bar number: 0030120
Law Office of Guy H. Gilbert, Esq.
Attorney for Plaintiff
4700 Millenia Blvd., Suite 175
Orlando, FL 32839
Phone: (321) 948-6068
Fax: (321) 226-5073

## Service Contract

DRIRITE USA, Inc. ("Contractor") and the undersigned customer or customers ("Customer") agree as follows with respect to services to be provided by Contractor to Customer in connection with the remediation of damage from a loss to the property of Customer located at the address identified in this contract:.

**Scope of Work:** Contractor agrees to provide services to remediate the property in accordance with normal and customary guidelines in the restoration industry which may include, but are not limited to, photographing the property, documenting remediation activities as appropriate, documenting moisture readings, removing affected materials, placing drying equipment and monitoring drying efforts. Contractor agrees to remove drying equipment after drying has been completed and documented. All equipment usage is for a three (3) days minimum. Any removal or repairs which require state or local licensing will be completed by, or under the supervision of an appropriate contractor to the extent required by any applicable statute or regulation.

**Commencement Date:** Services will start on the date next to the Customer's signature below or on this date if specified: 8/25/18

**Price and Payment for Services:** Customer agrees that the price for all services provided by Contractor to Customer will be based on Contractor's normal and customary pricing guidelines as established from time to time by Contractor. In the event of a natural disaster, or change in general market conditions, Customer agrees that the price for certain goods or labor line items may increase due to supply and demand. Customer waives any right to cancel the contract within three (3) days of its making. Contractor will create a complete invoice for services provided by Contractor within 48 hours of the end of mitigation services or as soon as reasonably possible thereafter.

Pursuant to the below Assignment of Insurance Benefits, as a courtesy the invoice will be sent to Customer's insurance carrier for payment. Upon request from Customer, a copy of the invoice will be sent to Customer. Upon demand, Customer agrees to pay promptly the invoice to the extent not paid by Customer's insurance carrier, including any deductible (if applicable). Unless otherwise agreed by Contractor, Customer agrees to pay interest on all overdue amounts at the lesser of (i) the highest legal rate or (ii) one and one half percent (1.5%) per month, until paid.

Customer Name: **Prosperitas Leadership Academy**  Date of Loss: **8/25/2018**
Address of Loss: **2140 W. Washington Street**  City/State/ZipCode: **Orl, FL**
Insurance Carrier: **Liberty Mutual**  Adjuster Name & Phone: **Mr. Guffey Drew Guffey**
Policy Number: **BM058656351**  Claim Number: **23456010**

**Termination of Equipment Use:** Contractor may at any time either temporarily and/or permanently terminate the usage of any or all equipment.

**Usage of Equipment:** Usage of equipment begins at the time and date of arrival. Customer agrees that usage on any portion of a day constitutes a day's usage and will be considered a full and complete day. Customer agrees that in the event any portion of the equipment being used experiences unforeseen malfunctions not limited to breakage, leakage and or other occurrences that Customer is still responsible for the cost of usage during such time. Any consideration for unforeseen equipment downtime will only consist of additional usage as necessary. Customer shall indemnify and hold the Contractor and Contractor's assignees harmless from all claims for damages as a result of negligence, workmanship, or equipment malfunctions.

**Stop Work-Hold Harmless:** In the event Contractor is not allowed to perform its recommended procedures and/or drying equipment is removed prematurely, I agree to release and hold Contractor harmless, and indemnify Contractor against all claims or actions that may result from such procedures.

**Assignment of Insurance Benefits, Customer Representations and Covenants, and Additional Agreements:** With respect to any claim submitted, or to be submitted (the "Claim") under the insurance policy (the "Insurance Policy") referenced above for payment for the mitigation services to be provided or for other benefits under the policy, Customer agrees to the following representations, assignment, covenants and agreements.

1. **Customer Representations:** (a) Customer is an owner and a named insured under the Insurance Policy; (b) Customer has the authority to act, and is acting, on behalf of all named insureds under the Insurance Policy in signing this service contract; (c) no person (other than customer/named insured(s)/loss payee(s) or Contractor or Contractor's assignees as contemplated by this agreement) has: (i) any interest in the named insured(s)' rights in the Insurance Policy relating to the loss, (ii) any interest in the proceeds payable under the Insurance Policy relating to the remediation of the loss or services otherwise provided by Contractor, or (iii) any authority to act on behalf of Customer with respect to the Insurance Policy and remediation of the loss or services otherwise provided by Contractor; (d) all premiums due under the Insurance Policy have been paid, Customer or any insured is not in default of any provisions of the Insurance Policy, and the Insurance Policy is in full force and effect; (e) the Claim is a claim that is covered by the Insurance Policy.

2. **Assignment:** Customer assigns to Contractor, its successors and assigns, any and all post-loss rights of the named insured(s) under the Insurance Policy to all payments of money and other benefits with respect to the Claim. Such rights necessarily include the right to pursue all causes of action necessary or appropriate to enforce such payment of money or other benefits under the Insurance Policy with respect to the Claim, including claims for bad faith, and all rights to reimbursement of attorneys' fees, court costs and other collection costs, if any. For clarity, this assignment of the named insured(s)' rights under the Insurance Policy is strictly limited to the Claim and benefits under the Insurance Policy directly related to the services to be provided by Contractor to Customer with respect to the Claim, and no proceeds payable or other benefits to the named insured(s) under the Insurance Policy for any coverages that are not directly related to the services to be provided by Contractor are assigned hereby. Customer agrees that the acquired rights of Contractor, its successors and assigns, under this agreement are assignable without the consent of Customer to NCN Financial LLC or any company affiliated with NCN Financial LLC.

3. **Customer Covenants:** Customer agrees as follows: (a) to timely pay all premiums and take all steps necessary or appropriate to keep the Insurance Policy in full force and effect until Contractor, its successors and assigns have been paid in full for the services provided; (b) to cooperate fully with Contractor, its successors and assigns, with respect to the processing of the Claim for payment under the Insurance Policy; (c) to promptly execute all documents and perform any post-loss conditions requested by the Insurance Company (or that Contractor, its successors or assigns, determine are necessary or appropriate to obtain payment); and (d) to take all steps necessary or appropriate to assure that the representations of Customer set forth above are true and correct at all times.

4. **Additional Agreements:** (a) If Contractor, its successors or assigns, determine that they will not be able to collect all or part of the amount owed for the services provided from the insurance Company for any reason (the "Uncollected Amount"), Customer will promptly pay upon demand the Uncollected Amount to Contractor, its successors or assigns. (b) If Contractor, its successors or assigns, collect from the Insurance Company more than the amount owed for the services provided (the "Overpayment"), Contractor, its successors or assigns, will promptly pay the Overpayment to Customer.

**Attorneys' Fees and Remedies:** In the event any party to this agreement brings suit to enforce any provision of this agreement, the prevailing party on any issue in any such litigation and any appeals therefrom, shall be entitled to recover from the other party all allowable damages under applicable Florida law, including but not limited to: interest not to exceed the allowable rate or 18% per annum from the date of owing; other relief granted as a result of such litigation; reimbursement of all reasonable costs of such litigation, including reasonable attorney's fees and costs. Both parties agree that in the event a dispute arises concerning the agreement and the enforcement of the provisions therein by either party (by litigation or otherwise) that jurisdiction shall be solely with the Ninth Judicial Circuit in and for Orange County, Florida, the dispute to be governed by Florida law.

I, **Hudie Stone**, have read and fully understand all terms and conditions of this service contract, assignment of insurance benefits, and additional agreements, covenants, and representations.

Signature of Customer: **Hudie Stone**  Date **8/25/18**

Signature of Contractor: _____ Title: **Project Manager** Date: **8/25/18**

dguffey@gibsonandwirt.com

EXHIBIT A